IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JOE HAND PROMOTIONS, INC.                                                                PLAINTIFF

v.                                               No. 2:15-CV-02135

VINICIO GAMERO, individually and d/b/a
Shenanigan's a/k/a Club Shenanigans                                                      DEFENDANT

**ORDER**

Currently before the Court are Plaintiff Joe Hand Promotions, Inc.'s ("JHP") motion for attorneys' fees and costs (Doc. 23) and brief in support (Doc. 24), Defendant Vinicio Gamero's response (Doc. 25), and Plaintiff's reply (Doc. 27, Ex. 1). For the reasons set forth below, Plaintiff's motion for attorneys' fees and costs is GRANTED IN PART and DENIED IN PART.

**I. Background**

JHP filed this suit alleging conversion and a violation of 47 U.S.C. § 605 based on Gamero's televising of "Ultimate Fighting Championship 175: Chris Weidman v. Lyoto Machida" ("UFC 175") at Shenanigans in Fort Smith, Arkansas. Gamero had not purchased a commercial license through JHP which held the exclusive commercial distribution rights for the national telecast. Gamero conceded liability, and the Court awarded $1,100 in compensatory damages for conversion as well as $1,000 in minimum statutory damages. Additionally, pursuant to 47 U.S.C. § 605(e)(3)(B)(iii), the Court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." In accordance, JHP filed the immediate motion seeking $6,449.60. That sum consists of 12.15 hours from an administrative assistant at $100.00 per hour for an individual total of $1,215.00, 7.00 hours from a research attorney at $300.00 per hour for an individual total of $2,100.00, 3.80 hours from attorney Thomas P. Riley at $500.00 per hour for an individual total of $1,900.00, and costs totaling $1,234.60.

## II. Discussion

The Court does not find JHP's attorneys' fees to be reasonable. The starting point for determining a reasonable amount of attorneys' fees is the lodestar calculation which "provides an objective basis on which to make an initial estimate of the value of the lawyer's services." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005). There is a strong presumption that the lodestar method yields a "reasonable" fee. *Perdue v. Kenny A. ex rel. Winn*, 130 S. Ct. 1662, 1673 (2010). Under this calculation, "the most critical factor" in determining the reasonableness of a fee award "is the degree of success obtained." *Hensley,* 461 U.S. at 436. Further, if "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Id*. "Having considered the amount and nature of damages awarded, the court may lawfully award low fees or no fees without reciting the 12 factors bearing on reasonableness, or multiplying "the number of hours reasonably expended… by a reasonable hourly rate." *Farrar v. Hobby*, 506 U.S. 103, 115 (1992) (citing and quoting *Hensley*, 461 U.S. at 430, n.3, and 433).

In the present action, while JHP was awarded summary judgment, its recovery was severely limited. JHP initially sought in its complaint $110,000 in statutory damages for the violation of 47 U.S.C. § 605, but amended its request in its motion for summary judgment to seek a total of $40,000 in statutory damages. The court awarded $1,000 in statutory damages, or less than one-percent of JHP's initial request and 2.5-percent of JHP's amended request. JHP also recovered $1,100, the amount sought in conversion, for the fair market value of a commercial license for UFC 175 at the time of the conduct alleged. In total, JHP recovered less than two-percent of its initial request and approximately five-percent of its amended request. The amount awarded to

JHP shows limited success such that the product of hours expended times a reasonable hourly rate would be an excessive recovery.  *See Hensley,* 461 U.S. at 436.

JHP's counsel suggests that the Court follow the Laffey Matrix in finding that counsel's fees are reasonable.  The Laffey Matrix is an index based on the prevailing attorney fee rates in Washington, D.C.  Other courts in the Eighth Circuit have criticized the Laffey Matrix, and this Court will not utilize it.  *See, e.g., H.P. v. Knickrehm*, 2005 WL 2261172, at *3 (E.D. Ark. Sept. 16, 2005) (choosing instead of the Laffey Matrix to apply a rate "more reflective of the ordinary rate for similar work in the Little Rock community…"); *Owner-Operator Indep. Driver Ass'n, Inc. v. Dunaski*, WL 4009333, at *4 (D. Minn. Sept. 12, 2012) (citations omitted) ("[S]imply because the Laffey Matrix is used by the United States Attorney's Office in Washington, D.C. does not mean that its rates are reasonable in the Twin Cities area."); *Livers v. Kofoed*, 2014 WL 1309616, at *6 (D. Neb. Mar. 31, 2014) ("The rates reflected in the Laffey Matrix may be appropriate for larger cities, but they are not reflective of rates in Omaha, Nebraska.").

The Court finds JHP's request for $5,215.00 in attorney's fees far too excessive considering its limited success and the "cumulative, boilerplate nature of Cable Act cases." *J&J Sports Prods., Inc. v. 291 Bar & Lounge, LLC*, 648 F. Supp. 2d 469, 475 (E.D.N.Y. 2009) (adopting in its entirety a report and recommendation that noted 2.5 hours of attorney time on a Cable Act case to be reasonable, but counsel's hourly rate of $250.00 excessive).  Because of JHP's limited success on its claims in this "boilerplate" action, the Court chooses to determine a reasonable fee without reciting the 12 *Hensley* factors bearing on reasonableness.  *See Farrar v. Hobby*, 506 U.S. at 115.  The Court will thus award $500.00 in attorneys' fees.

In regards to costs, the Court is mindful that JHP is entitled to "full costs" under § 605(e)(3)(B)(iii).  This has been interpreted to mean only "taxable costs."  *See Kingvision Pay-*

*Per-View Ltd. v. Autar*, 426 F. Supp. 2d 59, 66 (E.D.N.Y. 2006) (citations omitted) ("Although a plaintiff is entitled to recover its 'full costs' under § 605(e)(3)(B)(iii), many courts have interpreted the term, 'full costs,' as meaning, 'taxable costs.'"). The Court does not believe "full costs" extends to the $625.00 investigative fee. *See Int'l Cablevision, Inc. v. Noel,* 982 F. Supp. 904, 918 (W.D.N.Y.1997) ("The legislative history for § 605(e) instructs that the court has the power to direct the recovery of investigative fees, not that the court is required to order such an award."). Further, the Court believes that "a request for investigative fees pursuant to § 605(e)(3)(B)(iii) should be subject to the same level of scrutiny to which requests for attorneys' fees are subjected." *Id*.; *see also J & J Sports Prods., Inc. v. Brazilian Paradise, LLC*, 789 F. Supp. 2d 669, 677 (D.S.C. 2011); *Autar*, 426 F. Supp. 2d at 67. Thus, the Court will award investigative fees only on a showing of "(1) the amount of time necessary for the investigation; (2) how much the investigators charged per hour; [and] (3) why the investigators are qualified to demand the requested rate." *Int'l Cablevision, Inc.*, 982 F. Supp. at 918. Because JHP's attorney has provided no detail regarding the $625.00 investigative fee sought, the Court denies its recovery. The Court also denies JHP costs for being admitted to this Court pro hac vice. *See J & J Sports Prods., Inc. v. Montes*, 2016 WL 1448876, at *1 (W.D. Ark. Apr. 12, 2016).

JHP is entitled to costs for its complaint filing fee of $400.00, courier charges in the amount of $34.60, and for three subpoenas totaling $75.00. As such, JHP's total recovery for costs will be $509.60.

### III. Conclusion

IT IS THEREFORE ORDERED that Plaintiff's motion for attorneys' fees and costs (Doc. 23) is GRANTED IN PART to the extent that Plaintiff is awarded attorneys' fees in the amount of $500.00 and costs in the amount of $509.60.

4

IT IS SO ORDERED this 29th day of August, 2016.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE